# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN MICHIGAN

HEATHER HEWITT,

     Plaintiff,

                                         Case No.

v.

                                         Hon.

CLEARY UNIVERSITY,

     Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Heather Hewitt (hereinafter "Plaintiff"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff is a resident of the City of Howell, County of Livingston and State of Michigan.

2.    Defendant, Cleary University (hereinafter "Defendant") is a non-profit corporation duly authorized to do business in the County of Oakland and State of Michigan.

3.    Jurisdiction and Venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S. Code § 1331, 1367, and 1391(b) & (c).

4.    The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

5.    Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting discrimination, adverse employment action, and harassment which resulted in both economic and emotional damages to Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2201, *et seq.* (ELCRA) and the Age Discrimination in Employment Act of 1967 (ADEA), as amended.

## GENERAL ALLEGATIONS

6.    Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.    Plaintiff belongs to a protected class as a 44-year-old woman.

8.    On or about November 7, 2016, Plaintiff was hired by Defendant as a Food and Beverage Manager.

9.     On or about May 1, 2021, Plaintiff was promoted to the Director of Food Services.

10.     During Plaintiff's promotion process, Defendant's Interim President Emily Barnes told her that because she was a woman with a "strong personality" she would be considered a "bitch," but if she were a man with a strong personality, then that would not be noticed.

11.     In or around June 12, 2021, Plaintiff was completing the duties of her job by pulling a trailer behind a van, when it became disconnected. Defendant's Facilities Manager "George Horn" (hereinafter "Horn") yelled at Plaintiff, "That's why a woman shouldn't do a man's job."

12.     Plaintiff's position entailed planning and organizing events on campus, including an event planned for June 17, 2021.

13.     On or about June 16, 2021, Plaintiff's supervisor Heather Bateman (hereinafter "Bateman") asked Plaintiff to make sure all rental equipment is returned by June 18, 2021, as Bateman had rented out the space.

14.     On or about June 17, 2021, Plaintiff organized an event, and after this event, she needed to take care of the rental equipment and make sure it was ready to be picked up by the rental company.

15.     Plaintiff asked her subordinates to help her clean up the rental equipment.

16.    As Plaintiff and her subordinates were stacking the equipment, it started to rain.

17.    Plaintiff gave her employees the rest of the day off after the cleaning was done.

18.    Defendant's Facilities Manager Horn, a male, ordered his subordinates outside during the rain, cleaning off the Party Platform Stage.

19.    After the cleaning was done, Plaintiff spoke with Horn and stated, "Everything is cleaned up, too bad it had to rain."

20.    Horn responded, "Oh well. It had to get done."

21.    On or about June 20, 2021, Plaintiff received an email to come in on July 2, 2021, for a "team meeting."

22.    On or about July 2, 2021, Erica Smith (Human Resources) and Bateman terminated Plaintiff.

23.    Erica Smith told Plaintiff that "the University wants to go in a different direction."

24.    Plaintiff was told that she was being terminated for making her subordinates work in the rain and "endangering the staff."

25.    A similarly situated male facilities supervisor, George Horn, was not terminated, even though he also made his employees work in the rain.

26.    Horn had required facilities workers and workers in other departments to work in the rain on previous occasions.

27.    After Plaintiff was terminated, Plaintiff's position was filled by a male.

28.    Defendant, Cleary University is responsible for all acts committed by their officials, agents, representatives, members and employees who were at all times acting within the scope of their employment/official positions.

29.    At all times relevant, Plaintiff was acting as an employee of Defendant.

30.    Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

31.    Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

32.    Plaintiff filed a Charge of Discrimination on October 25, 2021, and received a Right to Sue letter from the EEOC on May 31, 2022.

## COUNT I
## SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII AND THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, et seq.

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34.     Plaintiff belongs to a protected class as a woman.

35.     Pursuant to Title VII of Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.210, *et seq*. (ELCRA), Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her sex/gender.

36.     Defendant was Plaintiff's employer within the meaning of Title VII and ELCRA.

37.     Plaintiff's sex/gender was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

38.     The ongoing and continuing unwelcome conduct was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff.

39.     Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her sex/gender by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and/or Plaintiff has been subjected to work in a hostile work environment.

6

40.     Defendant took adverse employment actions against Plaintiff, including termination, due to her sex/gender.

41.     Defendant did not take adverse employment action against other males that were similarly situated employees.

42.     Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's sex/gender by reason of the following acts and/or omissions:

   a.  Violating the laws against discrimination by engaging in sex/gender discrimination in the workplace;

   b.  Subjecting Plaintiff to discipline for actions and incidents for which similarly situated male employees, who engaged in similar or more egregious conduct, were not subject to discipline;

   c.  Subjecting Plaintiff to offensive language and comments based upon her sex/gender;

   d.  Taking adverse employment actions against Plaintiff based upon her sex/gender;

   e.  Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her sex/gender.

43.     Defendant owed Plaintiff a duty to refrain from discriminating against her, harassing her and/or treating her differently as a direct result of her sex/gender.

44.     Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

45. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

46. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA AND THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2201, et seq.

47.     Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48.     Cleary University President, Emily Barnes, has long resented older workers, including those over the age of 40 often commenting about their age, and how they are more concerned with material possessions than her generation should.

49.     Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. ("ELCRA") and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon her age, including termination.

50.     Upon information and belief Plaintiff was terminated due to her age and replaced by a male, under the age of 40.

51.     Plaintiff's age was a factor in Defendant's employment decisions, including adverse employment actions.

52.     Defendant was Plaintiff's employer within the meaning of the ELCRA and the ADEA

53.     During the course of her employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including adverse employment actions based upon her age.

54.     The age discrimination and adverse employment actions by Defendant were intentional and willful, and had the purpose and/or effect of substantially interfering with Plaintiff's employment.

55.     The age discrimination and conduct by Defendant violate the ELCRA and the ADEA.

56.     As a proximate result of the age discrimination and conduct by Defendant, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
   SCOTT P. BATEY (P54711)
   Attorney for Plaintiff
   30200 Telegraph Road, Suite 400
   Bingham Farms, Michigan 48025
   (248) 540-6800-phone
   (248) 540-6814-fax
   sbatey@bateylaw.com

Dated: August 2, 2022

## DEMAND FOR JURY TRIAL

   NOW COMES Plaintiff, Heather Hewitt, by and through her attorneys, Scott

P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all

issued allowed by law.

      Respectfully submitted,
      **BATEY LAW FIRM, P.L.L.C.**

   BY: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI  48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  August 2, 2022